THE CHICAGO & ALTON RAILROAD COMPANY *et al.*, *Plaintiffs in Error*, v. THE KANSAS CITY, INDE-PENDENCE & PARK RAILWAY COMPANY *et al.*

Division One, June 6, 1892.

1. **Railroad Crossing Another's Right of Way: POWERS OF COMMISSIONERS: STATUTE.** Commissioners appointed under Revised Statutes, 1879, section 765, to make an award as to how one railroad company shall cross another's right of way have power to provide for all the details of construction and operation which would ordinarily have been provided for between the companies themselves had they been able to agree.

2. ———: ———. The commissioners have power to provide in the award that temporary pile piers, permitted by them to be used in a bridge for the crossing, should be replaced within a year by stone masonry.

3. ———: ———: COMPENSATION. Compensation awarded and paid in money on the basis that the parties would comply with the terms of the award as to the point and manner of making the crossing satisfies the provision of the constitution requiring the compensation for the property taken to be paid to the owner or into court for his use.

4. ———: ———: CONTRACT. The award of the commissioners stands as a contract between the parties, and the latter have the same rights under it, and it may be enforced in the same way as if it had been a voluntary agreement.

*Error to Jackson Circuit Court.*

REVERSED AND REMANDED.

*Gates & Wallace* for plaintiffs in error.

The demurrers of the defendants admit the allegations of the petition, and, under the provisions of the code allowing any relief consistent with facts and the general prayer of the petition, the demurrers must be taken simply as denying the equity of the bill. Under

the prayer the plaintiffs are entitled to any relief within the power of a court of equity which is called for by the facts stated in the bill. The right is plain and expressly given by the statute, and the violation of it is admitted by the defendants. That there must be a remedy for every wrong is a maxim of universal application. There is no remedy in any ordinary suit at law. Indeed, it was not claimed by the defendant's counsel that there was an adequate legal remedy. On the other hand the power of a court of equity to give redress in a variety of ways seems plain. Treat the acceptance of the award of the commissioners by the defendants, and their proceeding to put in their crossing as incurring an obligation to comply with its terms, and will not a court of equity enforce specific performance of the contract? The remedy by injunction is also applicable. R. S. 1879, sec. 2722; Bispham's Equity, secs. 399, 400, *et seq.;* Mills on Eminent Domain, sec. 214; Lewis on Eminent Domain, secs. 643, 644; *Young v. Railroad,* 28 Wis. 171; *State ex rel. v. Railroad,* 86 Mo. 288; *Carpenter v. Railroad,* 24 N. J. Eq. 249; *Railroad v. Railroad,* 50 Vt. 452; *Railroad v. Railroad,* 4 Woods, 360.

*Karnes, Holmes & Krauthoff* for defendants in error.

(1) The clause in the award on which this action is founded is surplusage and void under the bill of rights, article 2, section 21, constitution, 1875. Section 2736, Revised Statutes, provides that the property-owner may "enforce payment of the award by execution." In this case, there being no peculiar benefits to the remainder of the railroad lands of plaintiffs in error, the constitution requires compensation in money. *Dougherty v. Brown,* 91 Mo. 26; *Railroad v. County,* 16

Wall. 667; *Bigelow v. Railroad*, 27 Wis. 478; *Sedalia v. Railroad*, 17 Mo. App. 105; 100 Mo. 419; 31 N. W. Rep. 281; 29 Fed. Rep. 728. (2) The cases referred to by plaintiffs in error are totally unlike the case at bar. None of them are founded on an award of commissioners. The text-books and authorities cited are simply on the general proposition as to the nature of injunctions, and throw no light whatever on this case. It is not alleged in the petition that the pile piers are insufficient, or that the defendant is maintaining an improper or insufficient structure over the railroad tracks of the plaintiffs in error.

BLACK, J.—The trial court sustained a demurrer to the petition in this case, and that ruling is now before us for review on a writ of error.

According to the averments of the petition, the Independence & Park Railway Company commenced proceeding against the present plaintiff to condemn a right of way over and across the plaintiff's road. Commissioners were duly appointed to assess compensation, who made their report on the fifteenth of July, 1887. The amount of damages allowed is not stated, but it is averred that the commissioners, by their report, "assessed the damages and determined the points and the manner of crossing as required by law, providing and determining that the said crossing should be over the tracks of the plaintiffs, with a clear span of twenty-two feet from the top of the rails to the chord of the bridge, with room underneath the same for two railroad tracks of the plaintiff, which room should be twenty-eight feet in the clear, measured at right angles to the track of the plaintiff, as then laid at the place of said crossing; that said crossing should consist of a good, substantial, standard, combination span bridge on temporary pile piers, such piers to be

replaced in one year by stone masonry, and that said crossing should be constructed, and at all times thereafter maintained in a good condition and repair at the expense of the said Kansas City, Independence & Park Railway Company."

It is alleged further that the Independence & Park Railway Company constructed temporary pile piers and built its bridge thereon; that the other defendant, the Kansas City & Independence Rapid Transit Railway Company, has some interest in the subject of this suit; that the defendants operate a railroad over the bridge; that they have violated the report of the commissioners in this: that, although more than one year has elapsed since it was filed, the defendants have not replaced the temporary pile piers with stone masonry. Plaintiff prays for specific performance of the report, that defendants be enjoined from operating their road over the bridge until the temporary pile piers are replaced with stone masonry, and for other and further relief.

The statute, under which the commissioners were appointed, gives one railroad company the right to cross the road of any other company, and then provides: "And if the two corporations cannot agree upon the amount of compensation to be made therefor, or the points and manner of such crossings and connections, the same shall be ascertained and determined by commissioners to be appointed by the court as is provided in this chapter for the condemnation of lands for railroad purposes."

1. The first claim urged in support of the ruling of the trial court is, that the clause in the award making it the duty of the defendant, the Kansas City, Independence & Park Railway Company, to substitute stone masonry for pile piers, within one year, is void. That that part of the award cannot be upheld on the ground

that the doing of the work is "compensation" for property taken, because the constitution requires the compensation to be paid in money. If that part of the award is not compensation, then the money awarded and paid was the full measure of damages.

The legislature in giving the defendant the right to exercise the power of eminent domain had the right to attach such conditions as it saw fit. *Railroad v. Railroad*, 105 Mo. 571. The defendant here had no right conferred upon it to acquire the exclusive use of any part or portion of the defendant's right of way. It had the power to cross the plaintiff's right of way, the compensation to be paid therefor and the point and manner of crossing to be fixed by commissioners, if the parties could not agree. The condition attached over and above payment of compensation was that the point and manner of crossing should be fixed. Until this was done it could not be told what compensation should be awarded; for it must be evident that the damage sustained depended upon the height, width and character of the bridge. Compensation awarded and paid in money on the basis that the defendant would comply with the terms of the award as to the point and manner of making the crossing satisfies the command of the constitution wherein it requires the compensation for the property taken to be paid to the owner or into court for his use. Of this we entertain no doubt whatever.

It is equally clear that the commissioners acted within the scope of the law in requiring the defendant to substitute stone masonry for the pile piers within one year. The method of making these crossings is of vital importance both to the safety of the public and to the roads themselves. The language of the statute is broad. It was designed to confer upon the commissioners power to provide for all those details of construction and operation which would ordinarily be

provided for by a contract between the companies themselves had they been able to agree. It has been so held under a like statute. *Matter of Lockport & Buffalo Ry. Co.*, 19 Hun, 38; *Matter of New York, L. & W. Ry. Co*, 35 Hun, 232.

2. It is perfectly clear, we think, that the statute intended the award of the commissioners to stand as a contract between the parties; and we are also of the opinion that the parties have the same rights and may enforce the award the same as if it had been their voluntary agreement. Unless this is so the statute must fail to accomplish what seems to us to be its manifest object and purpose. It contemplates agreements as to how and of what materials the crossing shall be made, and the manner of using the crossing when made, and, hence, contemplates agreements to be performed in the future.

In the case of *Young v. Railroad*, 28 Wis. 171, to which we are cited, there was a charter duty imposed upon the company to construct its road across streams so as not to divert water from its natural channel, without the consent of the land-owner. On the application of a land-owner the company was required to construct a culvert under its road, so as to restore a stream to its natural channel, and this, too, though the land-owner did not bring the suit until eighteen years after the diversion. So in *Jones v. Seligman*, 81 N. Y. 190, the trustees of bondholders of a railroad company were, in a suit for equitable relief, required to build fences and a farm crossing, that duty being imposed upon the company by statute law. If a court of equity may enforce duties like these, there can be no good reason assigned why it may not enforce the performance of that part of the commissioners' report which makes it the duty of the defendant to substitute stone masonry for the pile piers.

The defendant commenced the suit to acquire the right to cross the plaintiff's road, got an award to which it made no objection whatever, and then took possession under the terms thereof. Surely it cannot be permitted now to disregard the award, valid as it is. The plaintiff is entitled to the relief prayed for.

The judgment of the circuit court is, therefore, reversed and the cause is remanded to be proceeded with in accordance with this opinion. All concur.