CITY OF PLEASANT HILL, *Appellant*, v. DASHER.

Division One, March 5, 1894.

1. **Municipal Corporations**: SIDEWALKS: CONSTRUCTION BY CITY: STATUTES: REPEAL. The provision in the special charter of the city of Pleasant Hill providing that it may collect by action of debt the expense of paving and repairing sidewalks made by the city where the abutting owners fail to do the same, as required by ordinance (Acts of 1859, p. 157), was repealed by sections 1 and 2 of the act of March 30, 1887 (Acts, p. 95), which provide that a city having a special charter and less than ten thousand inhabitants may construct sidewalks, and the expense shall constitute a lien on the adjacent property which the city may enforce against such property.

2. ———: ———: LIEN: JUSTICE OF PEACE. Such lien can not be enforced in an action before a justice of the peace.

*Appeal from Cass Circuit Court.*—HON. C. W. SLOAN, Judge.

AFFIRMED.

*N. M. Givan* and *H. A. Jones* for appellant.

(1) Section 11 of plaintiff's charter, which provides that the city council shall have power by ordinance to cause the owners or occupiers of lots to pave and repair sidewalks adjacent to the property which they may own or occupy, and, if they fail, the council may cause it to be done and recover the expense thereof by an action of debt, in the name of the corporation, is not in conflict with any provision of the constitution of this state. Cooley on Taxation, 398; Cooley on Const. Lim., 629, 734; 2 Dillon on Mun. Corp., sec. 798; *Kansas City v. Huling*, 87 Mo. 203; *St. Louis v. Richeson*, 76 Mo. 470; *St. Louis v. Ranken*, 96 Mo. 500; *Company v. Bobb*, 37 Mo. App. 486; *Goddard,*

*Petitioner*, 16 Pick, 504–509; *Independence v. Gates*, 110 Mo. 382. (2) The justice of the peace had jurisdiction to hear and try this action. The title to real estate or tenements was not in question or in issue in the cause. R. S. 6124, 6219; *Williams v. Browning*, 45 Mo. 475; *Wilson v. Petty*, 21 Mo. 418; *Musick v. Chamlin*, 22 Mo. 175; *Seibert v. Allen*, 61 Mo. 488; *Stadler v. Roth*, 59 Mo. 402; *Blondeau v. Sheridan*, 103 Mo. 134; *Willard v. Woodland*, 26 Pac. Rep. (Utah) 284; *Stout v. Keyes*, 2 Douglas, 184; *Ohse v. Bruss*, 45 Wis. 442; *Bandlow v. Thieme*, 53 Wis. 57; *Williams v. McCartney*, 69 Cal. 556.

*James T. Burney* and *A. A. Whitsitt* for respondent.

(1) Personal judgments against the owners of property in a city on account of assessments for improvement of streets, etc., are null and void, and statutes authorizing such judgments are unconstitutional and void. *St. Louis to use v. Allen*, 53 Mo. 44; *Taylor v. Palmer*, 31 Cal. 240; *Louisiana v. Miller*, 66 Mo. 467; *Seibert v. Allen*, 61 Mo. 488; *Independence v. Gates*, 110 Mo. 380; *Neman v. Smith*, 50 Mo. 525; Constitution of Mo. 1875, art. 2, sec. 21. (2) If the plaintiff seeks to charge the property of the defendant adjoining the street improved with this debt, then the title to real estate does come in question, and the justice of the peace has no jurisdiction to hear and try this action. R. S. 1889, sec. 6124; *State ex rel. v. Hopkins*, 87 Mo. 519; *Tackett v. Vogler*, 85 Mo. 480; *Hunt v. Hopkins*, 83 Mo. 13. (3) No legal notice was ever given defendant to build. He was entitled to ten days' notice in writing before he should begin building; said notice shall contain a description of each lot, and a general description of the character of the side-

walk, giving length, breadth and materials to be used, and not until the expiration of fifteen days after service of such notice can the council cause the same to be done at defendant's expense. R. S. 1889, sec. 1896. This statute must be complied with and proof made by plaintiff before there can be any recovery against defendant. (4) Defendant did not waive his right to object to the jurisdiction of the justice by failing to appear before him and file the affidavit mentioned in Revised Statutes, 1889, sec. 6219. *Webb v. Tweedie*, 30 Mo. 488; *Dillard v. Railroad*, 58 Mo. 74; *Compton v. Parsons*, 76 Mo. 455; *Meier v. Thieman*, 90 Mo. 433; *Bennett v. McCaffery*, 28 Mo. App. 220; *Houston v. Gantzhorn*, 52 Mo. App. 220; *Bredwell v. Ins. Co.*, 76 Mo. 321; *Patterson v. Yancy*, 81 Mo. 380; *State ex rel. v. Hopkins*, 87 Mo. 579.

BLACK, P. J.—The city of Pleasant Hill brought this suit before a justice of the peace to recover $19.23 for labor done and material furnished in building a plank sidewalk along a street in front of two lots owned by the defendant, Charles W. Dasher. The defendant failing to appear, the justice gave judgment for the plaintiff by default. Defendant in due time filed a motion to set aside the judgment and for a new trial, which was overruled, and he appealed. The circuit court gave judgment for the defendant and the case is here on the plaintiff's appeal.

In the view we take of this case it is not necessary to recite the evidence introduced on the trial in the circuit court. It is sufficient to say an ordinance was produced, providing for the plank walk in question. The defendant failed or refused to construct the walk in front of his lots, and thereupon the city caused the work to be done.

The city of Pleasant Hill has not elected to come

under the general law relating to cities of its class. It was and is governed by the special act of the fourteenth of March, 1859 (Laws of 1858–9, p. 155), and the amendments thereto. The eleventh section of that act provides: "The council shall have power to cause the owners or occupiers of real estate to pave and repair sidewalks adjacent to the property which they may own or occupy; and if any such owner or occupier shall fail to pave or repair the same, as required by ordinance, the council may cause the same to be done, and may recover the full expense thereof by an action of debt in the name of the corporation."

The act of March 30, 1887 (Acts of 1887, p. 95), provides:

"Sec. 1. The council of any incorporated town or city in this state having a special charter and containing ten thousand inhabitants or less, shall have power by ordinance to cause the owner or owners of any property or lot adjacent to any street or alley in said town or city to build, pave, construct, improve or repair any sidewalk along the side of said property or lot in such town or city.

"Sec. 2. Whenever the council of any town or city shall determine to have any sidewalk built or repaired, as contemplated by section 1 of this act, the council shall cause at least ten days' notice" to be given, etc. The section goes on to provide that if the owner or owners do not do the work required to be done, "said council shall cause such sidewalk to be built or repaired at the expense of such town or city, the cost and expense of which shall constitute a lien on the property or lot along which said sidewalk may be built or repaired as aforesaid, and the said town or city may enforce the said lien against such property or lot in any court of competent jurisdiction."

"Sec. 6. All acts and parts of acts inconsistent with this act are hereby repealed."

The claim made by the city in the circuit court and repeated here is this, that the city was entitled to a personal judgment against the defendant for the work done and materials furnished in the construction of the sidewalk, and this claim stands on the eleventh section of the charter. The defendant insists: *First*, said eleventh section is unconstitutional and void; *second*, it was repealed by the act of 1887; and, *third*, the justice had no jurisdiction of this action.

One thing is too clear to admit of a shadow of doubt, and that is this: The act of 1887 applies to the city of Pleasant Hill; for that city has less than ten thousand inhabitants, and was governed by a special charter when the act of 1887 was passed. That city therefore has and possesses all the powers specified in the last named act. Now the eleventh section of the special act undertakes to give the city an action of debt to recover the cost of paving or repairing a sidewalk, when the work is done by the city; while the act of 1887 gives the city a lien on the adjoining property for the cost of such work and an action to enforce such lien, but it does not give the city the right to a personal judgment against the property owner. The question then arises whether the city has and possesses both remedies, or whether the enforcement of the lien is the only remedy. In short, does the act of 1887 repeal section 11 of the charter?

In disposing of this question it is well to bear in mind the former adjudications of this court. *Neenan v. Smith*, 50 Mo. 528, was an action to collect tax bills for macadamizing a street. It was held that plaintiff was not entitled to a general judgment against the owner of the land, and doubt was expressed whether the legislature had the power to authorize a general

judgment in such cases. The authorities on this question were reviewed in the subsequent case of *St. Louis to use v. Allen*, 53 Mo. 44, and it was held in clear and distinct terms that the legislature had no power to authorize a personal judgment against the property owner in suits to recover these local assessments. The ruling made in that case has been approved in a number of subsequent cases.

And in disposing of the question in hand there is another principle of law which should not be overlooked, and that is this: It is a general rule that where a statute creates a new right and prescribes a remedy, the statutory remedy is exclusive. This principle applies to the statutes which give the power to municipal corporations, to make local assessments, and provide a remedy for collecting the assessments when made. *City of Clinton to use v. Henry County*, 115 Mo. 557.

The act of 1887 was no doubt passed in view of what was said by this court in the case of the city of *St. Louis to use v. Allen, supra*, and repeated in subsequent cases. It gives the city power to cause sidewalks to be constructed, paved and repaired, and furnishes a perfect and complete remedy, and then repeals all inconsistent laws. That this act of 1887 repealed the eleventh section of the charter of Pleasant Hill, we have no doubt. The city can collect the cost of building and repairing sidewalks, when the work is done by it, in the manner pointed out in the act of 1887 and in no other manner, that is to say, by enforcing the lien in a court of competent jurisdiction. This is the remedy and only remedy it has in such cases.

The only other question is whether a justice of the peace has jurisdiction to enforce the lien. The act of 1887 provides that the lien may be enforced "in any court of competent jurisdiction." And section 6122

Revised Statutes, 1889, provides that justices of the peace shall have jurisdiction in all civil actions, "for the recovery of money, whether such actions be founded upon contract or tort, or upon a bond or undertaking given in pursuance of law in any civil action or proceeding, or for a penalty or forfeiture given by any statute of this state, when the sum demanded   *   *   * does not exceed two hundred and fifty dollars." And section 6124 provides that "no justice of the peace shall have jurisdiction to hear or try   *   *   * any action where the title to any lands or tenements shall come in question and be in issue, nor of any strictly equitable proceedings."

It may be true that in general the title to land is not in issue in these suits to enforce special assessments, but it does not follow that justices of the peace have jurisdiction in such cases.   Whatever jurisdiction they have under the above sections must be found in section 6122; for section 6124 simply limits and restricts what is said in section 6122.   No case in this court to which we are cited, or of which we have any knowledge, holds or even intimates that justices of the peace have, by force of the above mentioned sections, any jurisdiction to enforce liens against real estate.   It is true justices have jurisdiction to enforce mechanic's liens in some cases, and in some cities to enforce special tax bills, but the jurisdiction in all such cases is derived from other provisions of the law, which have no application whatever to the case in hand.

It was held by a majority of this court in *State ex rel. v. Hopkins*, 87 Mo. 519, that justices of the peace had no jurisdiction to enforce the state's lien for delinquent taxes.   Judge HENRY and the writer dissented, not because justices of the peace had acquired any such jurisdiction under sections 6122 and 6124, but because

they had such jurisdiction conferred upon them by certain sections of the revenue laws.

Section 6122 was never designed or intended to give justices of the peace jurisdiction to enforce the liens against real estate. It follows that the justice had no jurisdiction to enforce the lien given the city for the work done and materials used in building the sidewalk in question. Under existing laws the circuit court alone had jurisdiction, and the suit should have been commenced in that court. The judgment is therefore affirmed. BARCLAY, J., absent. The other judges concur.