PEOPLE'S RAILWAY COMPANY, Appellant, v. GRAND AVENUE RAILWAY COMPANY.

Division One, March 31, 1899.

1.　**Statutory Remedy**: TO BE STRICTLY PURSUED.　Where a duty or cause of action is created by statute, and a particular proceeding not theretofore existing to enforce that duty or to vindicate the right conferred, is prescribed, the statutory remedy, if adequate, and no other, must be pursued.

2.　———: ———: STREET RAILWAYS: RUNNING CARS OF ONE ROAD ON TRACKS OF ANOTHER: INJUNCTION.　Where it appears from the pleadings and evidence that the proper court has decreed, in pursuance to a city's charter and ordinance, the compensation plaintiff should

receive by reason of the running of defendant's cars over its tracks and prescribed the manner of making connections and switches, and that plaintiff had accepted that compensation, and the switches and connections had been made in accordance with the plans prescribed, and that all the delays, inconveniences and accidents of which plaintiff complains, were the natural result of the legitimate use of these connections and plaintiff's tracks in the usual and ordinary course of business, plaintiff, having an adequate statutory remedy, is not entitled to an injunction restraining the defendant from a further use of its tracks or from further delaying its cars, nor is it entitled to any damages on account of such use or delays.

3. **Practice:** NO APPEAL BY RESPONDENT. Where respondent does not appeal from an erroneous judgment of the trial court, that judgment, if the court had jurisdiction of the parties and the subject-matter, can not be reversed at respondent's request, on the ground that the court had no jurisdiction to render it.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

WILLIAM B. THOMPSON, M. KINEALY and JAS. R. KINEALY for appellant.

The appellant was entitled to relief by injunction on the undisputed facts and evidence in the case: (a) Because the respondent has never complied with the provisions of ordinance numbered 17,047, requiring the respondent to make proper connections with appellant's tracks at the intersection of Grand and Lafayette avenues. (b) Because the respondent failed to comply with the provisions of said ordinance numbered 17,047, requiring the respondent to make proper connections of its tracks south of the eastern entrance of Tower Grove park with the southern extremities of appellant's line. (c) Because the respondent's cars were constructed of a width exceeding that of appellant's cars, and by reason whereof, and the oscillation of said cars on their springs when in motion, they could not readily pass each other while running on appellant's tracks, and thereby impeded the operation of appellant's trains. (d) Because the

respondent has failed to comply with the charter and ordinances of the city of St. Louis and the law under which it is entitled to operate its cars on appellant's track. (e) Because there is no adequate remedy at law for the injury complained of. Railroad v. Railroad, 110 Mo. 510; Railroad v. Railroad, 105 Mo. 562; Lockwood v. Railroad, 122 Mo. 95; Constitution, sec. 20, art. XII; Charter of St. Louis, subdiv. 11, sec. 26, art. III; Ordinances of St. Louis, Nos. 12,652 and 17,047; Unangst Appeal, 55 Pa. St. 128; Heer Dry Goods Co. v. Railroad, 41 Mo. App. 63; W. U. Tel. Co. v. Guernsey & Scudder L. Co., 46 Mo. App. 120; Carroll v. Campbell, 108 Mo. 550.

F. N. Judson for respondent.

(1) There is nothing in this judgment of which plaintiff can complain. The court was clearly right in denying the injunction. The original entry and user of the tracks was admitted to be lawful. Railroad v. Railroad, 105 Mo. 562; Railroad v. Railroad, 132 Mo. 34. It was undisputed that the connections with plaintiff's tracks were made, both at Lafayette avenue and Tower Grove park, precisely as required by the decree of the circuit court, this decree requiring the connections to be made in accordance with the plans approved by the Board of Public Improvements. These plans, therefore, are part of the decree as if incorporated in it. (2) It is wholly immaterial as to the powers of the Board of Public Improvements. The material fact is that the decree of the circuit court, under which defendant holds its right of user, refers to and adopts the specific plan of track connections precisely as though they had been set out in the decree. Plaintiff is clearly bound by this decree. (3) Upon the admitted facts, the court had no jurisdiction of the subject-matter, where the statute, i. e., the charter and ordinance, credited the right of user and at the same time created

an adequate special remedy for the enforcement of the right, and that remedy was exclusive. The principle clearly established in the case of special statutory remedies applies. Lindell's Adm'r v. Railroad, 36 Mo. 543; Clinton v. Henry Co., 115 Mo. 569; Hickman v. Kansas City, 120 Mo. 110; Pleasant Hill v. Dasher, 120 Mo. 675; Markowitz v. Kansas City, 125 Mo. 489; Lewis on Em. Domain, sec. 607. (4) Plaintiff has an adequate remedy under the ordinance provided for just such claims, in the right after two years to apply for a new appraisement and readjustment of damages resulting from the user. Plaintiff has since exercised this very right. It is immaterial that plaintiff answered to the merits, as this question of jurisdiction of the subject-matter is never waived. Baker v. Railroad, 36 Mo. 543. (5) All the "delays" complained of were obviously incidental to the user of the tracks, and are therefore compensated for by the rental ascertained and fixed under the ordinance.

BRACE, P. J.—The plaintiff and defendant are corporations owning and operating street railways in the city of St. Louis.

By section 6, article X, of the charter of said city, it is provided that: "Any street railway company shall have the right to run its cars over the tracks of any other railway company, in whole or in part, on the payment of just compensation for the use thereof, under such rules and regulations as may be prescribed by ordinance, and it shall be the duty of the municipal assembly to immediately pass such ordinances as may be necessary to carry this provision into effect."

By virtue of general ordinance number 12,562 and special ordinance number 17,047, passed in pursuance of this charter provision, and of a decree of the circuit court of the city of St. Louis under the provisions of said ordinances, the defendant company acquired the right to run its cars over the

tracks of the plaintiff railway on Grand Avenue between Lafayette avenue and Tower Grove park.   The decree which was affirmed by this court is set out in full in the opinion in Grand Avenue Railway Co. v. People's Railway Co., 132 Mo. loc. cit. 47, the court saying in regard thereto:   "The trial court adjusted all elements of compensation and damages,   and provided for the payment thereof.   And by the provision of said ordinance, either party may apply to the mayor of the city for a readjustment of the terms of compensation, once in each two years.   The court adjusted the compensation to which defendant is entitled in a way that seems eminently fair and just between the parties, or as nearly so as possible under the circumstances."   The provision of the ordinance referred to is contained in section 1265 of ordinance 12,652, which is as follows:   "And either party may apply for a readjustment of the terms of compensation once in each period of two years, to be determined as herein prescribed."   A privilege of which the plaintiff availed itself in due season.

But in the meantime the defendant having made its connections with the plaintiff's tracks as contemplated in the ordinance and decree, and having thereafter on or about the second of April, 1895, commenced running its cars on the plaintiff's tracks, the plaintiff on the twenty-first day of September, 1895, instituted this proceeding in the St. Louis Circuit Court by petition, complaining therein, in substance, that defendants are using cars of too great a width for plaintiff's tracks, by means whereof the operation of its own cars thereon are impeded and retarded.   That owing to defendant's neglect in opening and closing the switches at Grand and Lafayette avenues and in keeping the same duly operated, the plaintiff's cars are there delayed.   That because of the manner in which defendant's switches are arranged and constructed at that place, plaintiff's cars are liable to be and have been frequently thrown from the track, thereby

causing great detention and delay. That plaintiff's cars are also delayed at a point opposite Tower Grove park, in consequence of the manner in which defendant has provided for the connection of its tracks with the tracks of plaintiff by means of a sidetrack at that point. That all of said delays are caused by the negligence and willful fault of defendant in failing and refusing to provide and properly make such connections, use proper care, and properly manage and operate its cars and switches. By means whereof it is alleged the plaintiff is being greatly damaged from day to day. Wherefore it prays "that the defendant be perpetually enjoined from running any cars on said tracks of plaintiff on Grand Avenue, or if the court should deem that defendant ought to be permitted under proper conditions to use said tracks, then that defendant be enjoined from operating or running on any of said tracks of plaintiff, on or adjacent to said Grand avenue, cars which by their construction hinder, impede or delay or interfere with the running of plaintiff's cars on said tracks; that defendant be perpetually enjoined from using its present mode of connection with plaintiff's tracks at the intersection of Grand and Lafayette avenues, and that it be perpetually enjoined from delaying the travel of plaintiff's cars opposite Tower Grove park gate, or at or adjacent to the northern extremity of its aforesaid sidetrack, and from using said sidetrack as now laid down, constructed or operated, as a means of connection of its tracks aforesaid on Grand avenue, south of the gate of Tower Grove park, with the tracks of plaintiff, or without proper additional tracks, loops or switches, to prevent further delay or hinderance of plaintiff's cars when traveling on its said tracks; that defendant be perpetually enjoined from in any manner hindering or delaying the travel of the plaintiff's cars on its tracks on Grand avenue; and further prays the court to order that an account be taken and an estimate be made of as much of the damages theretofore suffered by plaintiff because of the

wrongful acts of the defendant, if it be found that any of said damages be capable of being estimated, and that defendant be ordered to pay to plaintiff such sum as a recompense for the injuries suffered by plaintiff by reason of the wrongful acts of defendant."

The answer sets up the proceedings had in the circuit court and states that it is now operating its cars upon the tracks in accordance with the provisions of ordinance number 12,652, and the proceedings had thereunder.   Defendant specifically denies the allegations and charges of the petition, but says that the cars originally put upon the track were too wide in view of the excessive narrowness of the tracks of the People's Railway Company, portions of them being out of alignment; and that narrower cars have been built and substituted therefor at great expense, which obviated all difficulties, and that the delays from the wider cars were temporary and inconsiderable, and had been fully remedied.   And further answering the allegations of plaintiff's petition concerning the alleged defective construction of connections at Lafayette avenue and Tower Grove park, or the manner the switches at said points are operated, denies each and every of said allegations, and says that such connections are made in accordance with the plans approved by the Board of Public Improvements, and which was well known to plaintiff, and any difficulty at such crossings is owing entirely to the defective construction or conditions of plaintiff's own tracks, and for which defendant is in nowise responsible.   The reply denies all the allegations of the answer, except the words "and says that such connections are made in accordance with the plans approved by the Board of Public Improvements, and which was well known to plaintiff."

Upon the issues thus framed, the court after hearing a great volume of evidence, disposed of the case by the following finding and judgment:   "Now, on this day, comes the parties hereto by their attorneys, and this cause having been

heretofore submitted to the court upon the pleadings, proofs and arguments of counsel, and the court being now fully advised of the matters in controversy, doth find the issues upon the claims for injunction set forth in the petition against the use by defendant of plaintiff's tracks, described in the petition, in favor of defendant, and the prayers for injunction in the petition contained are therefore denied. And upon the issue made by the pleadings for the recovery of damages sustained by plaintiff by reason of the delays caused by the running of cars of improper construction by defendant upon plaintiff's tracks, the court doth find that the cars of defendant which were in use upon the plaintiff's tracks when this action was commenced were too large to pass each other without causing delays to the cars of plaintiff; and the court also finds that said delays were remedied by defendant after the filing of this suit by the withdrawal of said cars and the construction and use upon plaintiff's tracks of narrower cars; and the court doth assess the damages sustained by plaintiff from delays so occasioned during the time when said wide cars were in use, at the sum of two hundred dollars. Therefore, it is ordered, adjudged and decreed, that the injunction herein prayed for is denied, and that defendant pay to plaintiff the sum of two hundred dollars so assessed, as damages, and that execution issue therefor. It is further ordered, adjudged and decreed, that the parties to this cause shall each pay one-half of the costs, and that execution be accordingly issued therefor."

From which judgment the plaintiff duly appealed to this court.

(1) The conditions upon which the defendant was to be permitted to run its cars over the plaintiff's tracks on Grand Avenue between the points mentioned, as fully set out in the decree aforesaid, on pages 38, 39, 40 and 41 of the opinion in 132 Mo., *supra*, had been fully complied with at the time defendant connected its tracks with those of the

plaintiff, and commenced running its cars upon those tracks. The substance of plaintiff's complaint, which its evidence tended to sustain, was that by reason of the width of defendant's cars, and the manner in which the connections were made, the operation of plaintiff's trains, as they were wont to be operated, was interfered with, and their due and orderly progress according to its own time table was retarded, to its damage. There was no substantial evidence tending to prove mismanagement by the defendant of its switches, or cars at those connections or on the tracks of plaintiff.

It is a well settled principle of law, that where a new duty or cause of action is created by statute and a particular proceeding not theretofore existing to enforce the duty or to vindicate the right conferred, is prescribed, the statutory remedy, if adequate, and no other, must be pursued. [Endlich on Int. Statutes, sec. 154; Baker v. Railroad, 36 Mo. 543; Clinton to use v. Henry Co., 115 Mo. 557; Hickman v. City of Kansas, 120 Mo. 110; Pleasant Hill v. Dasher, 120 Mo. 675; Markowitz v. Kansas City, 125 Mo. 485.]

The proceeding provided by the ordinances for the purpose of securing to the plaintiff full and fair compensation for all the injury it might suffer by reason of the delays and inconveniences resulting from the exercise by defendant of its right to connect its tracks with and pass its cars over the plaintiff's tracks, was a valid and adequate one. [Union Depot Railroad Co. v. Southern Railway Co., 105 Mo. 562; Grand Avenue Railway Co. v. People's Railway Co., 132 Mo. 34.] In adjusting that compensation, the subject-matter to be dealt with was the tracks of plaintiff as they existed on Grand Avenue between the points designated thereon, and the cars of the defendant as they were then being operated on their own tracks. The matter to be determined was what would be fair compensation to the plaintiff for the use of those tracks by the defendant for the term of two years, in passing its said cars over them in the usual and ordinary

course of its business.    In determining that question it became necessary also to determine the manner and means by which the tracks of the defendant should be connected with those of the plaintiff.

In that proceeding the court in its decree aforesaid did determine the compensation that should be made, and that the "switches and connections" with said tracks should be made "according to the plans of plaintiff," as "approved by the Board of Public Improvements of St. Louis."    And when it appeared from the pleadings and evidence, as it clearly did, that the plaintiff had accepted that compensation, that the switches and connections had been constructed and made in accordance with said plans, and that all the delays, inconveniences and accidents of which the plaintiff complains were the natural result of the legitimate use of these connections and of plaintiff's tracks by the defendant's cars in passing over them, in the usual and ordinary course of its business; it also thereby clearly appeared, that plaintiff was not entitled to the injunctive relief prayed for, nor to any damages on account of the matters complained of, and the prayer for injunction should not only have been denied, but plaintiff's bill should have been dismissed.    This course, however, the court did not pursue. It did deny the prayer for injunctive relief, and therein committed no error, but instead of dismissing the bill, as should have been done, retained it for the purpose of hearing evidence as to the damage suffered by plaintiff by reason of delays of its trains occasioned by the width of defendant's cars, and thereupon rendered the judgment in favor of plaintiff, from which it appeals, and in so doing committed error in favor of the plaintiff, of which it can not complain, and the judgment should not be reversed therefor on its appeal.    The defendant, however, who answered to the merits below, and took no appeal from the judgment, now, here, contends that the judgments should be reversed for the reason that the court had no jurisdiction to

render it.    We do not think this contention can be maintained.    Under the petition the plaintiff might have introduced evidence showing. that the defendant had connected its tracks with those of the plaintiff in a manner not authorized by the decree, and was running cars upon the tracks of the defendant, such as were not contemplated in the award thereof, to the continuous and daily damage of the plaintiff, for which it would have been entitled to the relief prayed for therein.    [Railroad v. Railroad, 110 Mo. 510.]    So that however erroneous the judgment was, on the facts proven, the court having jurisdiction of the subject-matter of the action and of the parties thereto, that judgment, unappealed from by the defendant, is binding on it.    The judgment of the circuit court is therefore affirmed.    All concur.