PAUL MAYO, ADM., ETC., PLAINTIFF IN ERROR, v. CARL E. CLEETON, DEFENDANT IN ERROR.—87 S. W. (2d) 459.

Kansas City Court of Appeals. November 12, 1935.

*John Campbell* and *E. M. Jayne* for plaintiff in error.

*Murrell & Murrell* and *E. E. Fogle* for defendant in error.

SHAIN, P. J.—The plaintiff in error herein instituted this suit against the defendant in error by filing a petition in the circuit court seeking judgment on promissory note. It stands admitted that the defendant in error signed the note.

The petition in the action on the note is in due form and a copy of said note is duly attached. S. W. Mills, deceased, is shown to be the payee in the note and it appears that said note was in the possession of said Mills when he died and duly passed into the hands of his administrator, who brings the suit.

The defendant filed answer and as the issue herein goes to the question of whether or not said answer constitutes a defense, we set forth the answer in full as follows:

"ANSWER.

"Now comes the defendant in the above-entitled cause and, for his answer to plaintiff's petition therein, states that plaintiff should not be permitted to maintain this action for the reason that S. W. Mills, plaintiff's intestate, was not the lawful owner of the note described in said petition, at the time defendant signed and delivered the same, nor at any time thereafter, and plaintiff has no interest in the subject matter of this suit, all of which defendant pleads in bar to this action.

"For further answer, defendant states that prior to June, 1920, Paul Mayo and S. W. Mills were the owners of a certain tract of rough, brush land in Schuyler County, Missouri, containing 482 acres, more or less, under which there was coal of an uneven thickness, and which was pockety and faulty, and not of a marketable condition, and which, on account of its faults and conditions known as slips, could not be mined in any practical manner; that there had theretofore been efforts made to mine coal under said lands and there had been an opening drifted into the side of a hill on said land, from which opening there had been constructed an entry; that there was on said land several small buildings which were of little or no value; that the reasonable value of said land in June, 1920, was not to exceed the sum of $15,000; that the value of said land and the quality and condition of said coal under the surface of the same, was well known to said Mills and Mayo.

"Defendant further states that in June, 1920, or immediately prior thereto, said Mills and Mayo associated themselves with one Charles F. Carter and Milton Mills for the purpose of inducing this defendant and others to buy stock in a corporation for the mining of coal, which they proposed to form and promote, and which they did thereafter

have incorporated under the name of Raven Coal Company of Schuyler County, Missouri.

"That, on or about the 17th day of July, 1920, and prior to the signing of the note mentioned in plaintiff's petition, said Charles F. Carter, for the purpose of inducing defendant to execute said note and purchase stock in said corporation, represented and stated to defendant that he and others, including said Mills and Mayo, had organized said corporation; that said corporation was the owner of 482 acres of valuable land, situate in said Schuyler County, all of which was underlaid with a four-foot vein of coal, not more than three acres of which had been mined and removed; that the top thereof had been drilled and it had been found that all of said coal had a good rock roof over it; that there was a mine on said land which was a dry, slope mine; that an entryway was there which had been dug about a quarter of a mile; that said corporation had a four-foot vein of coal and was ready for work; that said corporation had a capital stock of $120,000, divided into 1,200 shares of the par value of $100 each; that said corporation owned a certain amount of its own stock, denominated "treasury stock," which it desired to sell for money, which was to be by it used in developing its property, constructing a railroad track, erecting buildings, purchasing equipment and providing working capital with which to operate said mine; that said corporation could not take notes for its said "treasury stock" without violating the law; that it was taking notes for said stock, which notes were being made payable to other persons, while the proceeds thereof were to go into the treasury of said corporation for the purposes above set forth.

"Defendant further states that said representations and statements, so made to him by said Carter, were false, and were known by said Carter to be false when made, or were made by said Carter with a reckless disregard as to whether they were true or false, and were so made for the purpose of inducing defendant to purchase said stock and sign said note; that defendant believed said representations and statements to be true and relied solely upon them, and, while so believing and relying, signed said note and delivered same to said Carter, and then and there believed he was purchasing therewith from said corporation, certain of its treasury stock and believed that said note belonged to said corporation; that, in truth and in fact, defendant did not then or thereafter owe said S. W. Mills any money, nor did defendant or said corporation then or thereafter receive any consideration from S. W. Mills for said note; that said note was procured by fraud and misrepresentations as aforesaid and is and always has been wholly without consideration.

"Defendant further states that the entire scheme, by which said S. W. Mills, Charles F. Carter, Paul Mayo, and Milton Mills obtained

the charter for said corporation, sold its stock, and induced defendant and many other persons to give their money and notes therefor, including the note mentioned in plaintiff's petition herein, was in furtherance of a conspiracy which they entered into for the purpose of defrauding all persons, including defendant, whom they could induce to part with their money and obligations.

"Wherefore, defendant prays to be dismissed with his costs.

"CARL E. CLEETON,
Defendant.

"This affiant, the defendant, being duly sworn on his oath states that the facts and allegations set forth in the above and foregoing answer, are true as he verily believes.

"CARL E. CLEETON."

It is shown that defendant in error filed a motion for judgment upon the pleadings. Said motion alleged that the answer filed does not set up any defense and that the facts therein stated do not constitute any defense to the cause of action stated in plaintiff's petition.

The motion for judgment on the pleadings was overruled by the trial court, plaintiff refusing to plead further judgment was rendered for defendant and plaintiff in error has duly brought the cause to this court by writ of error.

OPINION.

The only assignment of error is that the court erred in holding that the answer stated facts sufficient to constitute a defense to plaintiff's petition.

Under assignment two, the plaintiff in error presents that:

"The judgment of the trial court upon the motion for judgment upon the pleadings filed by plaintiff in error should have been for plaintiff in error." Such, however, does not assign error.

The plaintiff in error supports its contention by the following points:

"I.

"The allegations of the answer that S. W. Mills was not the owner of the note in suit (payable on its face to him) did not constitute any defense to the petition as S. W. Mills, if alive, was the real party in interest regardless of the beneficial ownership of the note.

"II.

"The representation pleaded in the answer that the corporation could not take notes for its treasury stock without violating the law was a representation of law and the defendant in error had no right to rely upon the same.

"III.

"The note on its face showed that it was payable to S. W. Mills and that fact is sufficient to show that defendant in error did not

execute the note on the theory that it would go to the corporate treasury.

## "IV.

"The other representations on which defendant in error claimed he relied are not such as to entitle him to defeat the note he had executed."

Cases involving similar facts and circumstances and concerning the organization and business transactions of the Raven Coal Company have heretofore twice been before this court for review. The cases referred to are Bondurant v. Raven Coal Company, 25 S. W. (2d) 566, and Mills v. Bondurant, 48 S. W. (2d) 102.

The plaintiff in error is basing his contention on the decision in Mills v. Bondurant, supra, while the defendant in error makes claim that the decision in Bondurant v. Raven Coal Company, supra, is decisive of contention that the answer herein states a valid defense.

It becomes necessary to analyze the two foregoing cases to determine whether decisive of the issues herein.

An examination of the above cases shows that a $4,000 note executed by one Bondurant to Sarah M. Mills was involved.

In the first suit, Bondurant v. Raven Coal Company, supra, Bondurant instituted a suit in damages basing his action upon allegation of fraudulent representations made by Mills and others in matters of incorporation alleging false statements and affidavits as an inducement presented for the purpose of selling stock to persons, who would rely on said representations, whereby obtaining their money and property and wrongfully converting same to their own use. In the above suit Bondurant sued to recover in damages for $2,280 alleged paid out on above alleged misrepresentations.

In the above suit Sara M. Mills made application to be made and was made a party defendant in said cause and, over objections and exceptions made, was allowed to file an answer and cross-bill wherein she denied the allegations of Bondurant's petition and by way of cross-bill, in effect, sued upon the note that is disclosed to be the note executed to her as payee and which it is disclosed was given for the purchase price of the company stock above referred to.

To this cross-bill Bondurant filed an answer that in many respects conforms to the answer herein in issue. In the above action, Paul Mayo, in his own behalf and as administrator of S. W. Mills, filed answer consisting of general denial and a plea of laches. There was no question raised upon the pleadings in the above cause until after judgment. The trial therein was by jury and verdict was for Bondurant, the plaintiff, for $2,280 and interest as against Paul Mayo and Paul Mayo as administrator of the estate of S. W. Mills and it was decreed that Sara Mills have and receive nothing on her answer and cross-bill. Judgment was entered in accordance. By the decree

rendered the note declared upon in the cross-bill was canceled. In the opinion of the court, 25 S. W. 566, this court found the decree, as to Sara M. Mills, was bad in that the decree of the circuit court was that Sarah M. Mills was not the owner of the note declared upon in her cross-bill and therefore cancellation of the note was error.

This court in the opinion, 25 S. W. 566, held that the plaintiff's petition was good after verdict. For reasons expressed in the opinion, that it is not necessary to here set forth, the cause was reversed and remanded.

The permitting of Sarah M. Mills to interject the issue of the promissory note into the above case by way of cross-bill was, of course, error. However, she was in no position to urge that point and the point was not raised by the other appellants in the case.

From an examination of the above case, it is shown that the only discussion as to the pleadings was from the standpoint as presented after judgment. It follows that the opinion in that case has but little application to the question presented in the case at bar.

In the case of Mills v. Bondurant, supra, it is apparent that the note sued upon is the same note declared upon in the cross-bill filed in the case reported in 25 S. W. (2d) 566, and the petition is materially the same as contained in said cross-bill and the answer conforms in many respects to the answer filed to the cross-bill in said suit.

An examination of the opinion in the above case discloses that the ruling upon the motion for judgment upon the pleadings was based principally upon the fact that the defendant Bondurant had elected to affirm the contract under which the note was given. Further, Bondurant was appellant in the case and had failed to point out wherein the answer stated sufficient facts to constitute a defense to the petition as is the appellant's duty on appeal. [Anderson v. Herrick, 268 S. W. 711, 712; Coffey v. Higbee, 318 Mo. 10, 298 S. W. 766, 767.]

In the case at bar the defendant in error had not elected to affirm the contract under which the note in issue was given and as the payee in the note in issue is the plaintiff in error the rule as stated above shifts and it becomes the duty of the plaintiff in error to point out wherein the answer is not sufficient to constitute a defense to the petition.

It is apparent that the issue as presented in the case at bar is materially different from the issue in Mills v. Bondurant, supra, in that the question of affirmance of contract and failure to point out wherein facts stated in the answer are sufficient is not herein involved.

Another fact that distinguishes the case at bar from both the Bondurant v. Raven Coal Company and Mills v. Bondurant cases,

supra, is the fact that the pleadings in the answer herein is materially different from the pleadings in aforesaid cases.

It is apparent that the answer in the present case was drawn so as to meet the language of the court in Bondurant v. Raven Coal Company, pars. 15-18, 1. c. 573, and pars. 20-21, 1. c. 574 of the opinion.

As to point one in the brief of plaintiff in error: If this allegation constituted the whole answer, then in light of the facts that the execution of the note is not denied and as the suit is essentially by the payee against the maker of the note, the point might become a determining factor of the issue presented. However, we must look further and if a valid defense is plead consideration of the same becomes requisite.

It will be noted that paragraphs five and six following the general allegations above presents a material change from the language in the answer in Bondurant v. Raven Coal Company, supra, in that the truth of representations are negative and belief and reliance on alleged false representations are clearly set forth.

As throwing light upon what is said above, we quote from the opinion in Bondurant v. Raven Coal Company, supra, from page 574 of the opinion, as follows:

"We therefore hold that the petition stated a cause of action for damages for fraud upon the sole representation that the stock was treasury stock. The truthfulness of this representation should have been negatived by specific averment, and it should have been alleged that the plaintiff was damaged by his reliance upon the representation. However, we have already pointed out that we are not testing the petition by the rules that apply when defendant's demurrer has been overruled, and he has stood upon his demurrer and refused to plead further."

Based upon the premises and distinguishments above set forth, we conclude that the answer in the case at bar presents a valid statement of defense of fraud to the allegations of the petition filed by the plaintiff in error in this cause.

The judgment is affirmed. All concur.