

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
XWILLIXXILSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 14, 1939

Honorable O.J.S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. 0-965
Re: Does Texas Prison System have the right to deduct the cost of recapture and return to prison from any money the escaped prisoner may have on deposit with the System?

We are in receipt of your opinion request wherein you ask us the following question:

"Does Texas Prison System have the right to deduct the cost of recapture and return to prison from any money the escaped prisoner may have on deposit with the System?"

In this regard you may be advised that the Constitution of the State of Texas, Article 1, Bill of Rights, Section 21, provides as follows:

"No conviction shall work corruption of blood, or forfeiture of estate, and the estates of those who destroy their own lives shall descend or vest as in the case of natural death."

Article 50 of the Revised Penal Code, 1925, provides as follows:

"When a convict is executed or imprisoned for life, there shall be no forfeiture of any kind to the State, nor shall any costs of the prosecution be collected from his estate."

Article 51 of the Revised Penal Code of Texas, 1925, provides as follows:

"When a convict is imprisoned in the penitentiary, his property shall be controlled as directed by law; but there shall in no criminal case be a forfeiture of any kind to the State."

Although it is true that a person who has been convicted of a crime and who is sentenced to the penitentiary is deprived of his rights as a citizen as to his liberty, it is also true that under the Constitution and statutes of the State of Texas he still is entitled to his property rights as they existed prior to the date of his conviction. The courts have held that convicted felons may be sued and may dispose of their property by will or deed, if otherwise possessed of the statutory qualifications essential to testamentary capacity. See: Avery v. Everett, 110 N.Y. 317, 18 N.E. Rep. 148; Davis et ux v. Laning, (Supreme Court of Texas), 19 S.W. 826.

Therefore, it is the opinion of this Department and you are so advised that the Texas Prison System does not have the right to deduct the cost of recapture and return to prison from any money the escaped prisoner may have on deposit with the System. Under the law, when a prisoner gets out of a prison or any place in which he may be confined, or from and out of the authority in whose custody he is and unlawfully regains his liberty, thereby becoming freed from the authority and control of the power entitled to restrain him it is our opinion that same will not work a forfeiture of estate; but that rather, on the other hand, it is the duty and the burden of the incarcerating authority to hold such prisoner in its custody and control and the law does not contemplate that he shall escape therefrom. It is our opinion, that should we hold to the contrary, it would in fact be taking the property of the prisoner in question without due process of law and would therefore be violating the constitutional rights and privileges of said convict.

Trusting that this will satisfactorily answer the question propounded by you, we remain

Yours truly

ATTORNEY GENERAL OF TEXAS

By s/Edgar Cale
Edgar Cale
Assistant

EC:AMM:wc

APPROVED JUN 17, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/RWF Chairman